UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00217-BLW |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| RANDY SCOTT VAIL | |
| Defendant. | |

On March 7, 2024, Defendant RANDY SCOTT VAIL appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 40). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, a detention hearing was held on October 6, 2023. The Court determined the Government had not met its burden and ordered Defendant released on conditions. (Dkt. 21, 22). The Order granting Defendant pretrial release was stayed on motion by the Government, and a motion hearing was held before the District Judge on October 30, 2023, to determine whether the Magistrate Judge's Order granting Defendant's release would be revoked. (Dkt. 34). The District Judge ordered the Defendant released on the conditions imposed by the Magistrate Judge with the additional conditions that Defendant be on home detention with electronic monitoring, take all medications as prescribed by his mental health care provider, and submit to medication monitoring three times a month. (Dkt. 32, 34).

A release status report was filed with the Court on February 26, 2024. (Dkt. 43). Since his release, United States Probation reports that Defendant has remained in contact with the pretrial services officer, and it appears he has been compliant with all pretrial release conditions. (Dkt. 43). The Defendant's compliance while on pretrial supervision has mitigated USPO's concerns related to risk of flight and danger to the community.

(Dkt. 43). The Government has not provided any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Defendant is in the third-party custody of his wife, and has strict conditions imposed relating to his mental health treatment. (Dkt. 32, 43)

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's mental health that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant RANDY SCOTT VAIL's plea of guilty to Count ONE of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant RANDY SCOTT VAIL's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 40).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count TWO of the Indictment (Dkt. 2) as to Defendant RANDY SCOTT VAIL.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 32).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 7, 2024

*[signature]*
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE