JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 465883
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RANDY SCOTT VAIL,<br><br>　　　　　Defendant. | Case No. 1:23-CR-00217-BLW<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1] |

　　　The United States requests that this Court enter a Preliminary Order of Forfeiture.

　　　The record establishes: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture.

　　　The Preliminary Order of Forfeiture should include, but not be limited to, the following Subject Property and any Substitute Assets.

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in some cases, a Final Order of Forfeiture is unnecessary. In other cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 1**

**Subject Property:**

1. One Strum Ruger & Co. Mini 14 Rifle bearing serial number 18687448;

2. Black Rifle bearing serial number 99037;

3. .303 caliber ammunition; and

4. .223 caliber ammunition.

**Nexus and Factual Basis for Forfeiture**

The Defendant pleaded guilty to Count One of the Indictment, a violation of 18 U.S.C. § 1366(a), Destruction of an Energy Facility. (Plea Agreement and Plea Hearing Minutes, ECF Nos. 40 and 45.) Defendant admitted to possessing the Subject Property in connection with the damage and destruction caused to the Hells Canyon Dam and Brownlee Dam. (ECF No. 40.)

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 924(d), which provides for the seizure and forfeiture of any firearm or ammunition used in a knowing violation of section 924, specific sub-sections of section 922 or "any violation of any other criminal law of the United States." *See also* 28 U.S.C. § 2461(c).

**Substitute Assets:**

Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

1. Cannot be located upon the exercise of due diligence;

2. Has been transferred or sold to, or deposited with, a third person;

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 2**

3. Has been placed beyond the jurisdiction of the court;
4. Has been substantially diminished in value; or
5. Has been commingled with other property which cannot be divided without difficulty.

If the United States seeks a Final Order of Forfeiture, the United States will provide written notice to all known third parties asserting a legal interest in the above-described property and will publish notice for thirty consecutive days on www.forfeiture.gov of the Court's Preliminary Order of Forfeiture and the United States' intent to dispose of the property.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture by issuing the Preliminary Order of Forfeiture, forfeiting to the United States of America the interest of the above-captioned defendant(s) in the above-described property and property set out in the forfeiture allegation of the charging document.

It is further requested that this Court authorize the United States Attorney General (or a designee) to seize immediately the above-described property and subsequently to dispose of it according to law.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to § 853(n).

Pursuant to Criminal Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall be final as to the defendant, made a part of the sentence, and included in the judgment at the time of sentencing.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 3**

A proposed preliminary order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 22nd day of May, 2024.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY
        By:

        */s/ William M. Humphries*
        WILLIAM M. HUMPHRIES
        Assistant United States Attorney